91 F.3d 150
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barbarita BASULTO, Plaintiff-Appellant,
v.
Shirley S. CHATER,* Secretary, Health and
Human Services, Defendant-Appellee.
 No. 94-36188.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1996.
Decided July 10, 1996.
 
 Before: GOODWIN, SKOPIL and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barbarita Basulto appeals the judgment of the district court affirming the denial of her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383. We reverse the district court's decision and remand Basulto's claim for payment of benefits.
 
 
 3
 At the time of her application for SSI, Basulto was 47 years old. She was born in Mexico, obtained a third-grade education there, and does not speak English.
 
 
 4
 Basulto injured her back in August, 1992, after a slip and fall. Basulto was treated by, inter alia, Dr. Hills, a neurologist, and Dr. Gray, an osteopathic physician. Dr. Hills opined that Basulto should not lift more than fifteen pounds, a figure that Dr. Gray later lowered to 10 pounds. Dr. Hills also said Basulto should not sit for more than an hour and 1/2; and Dr. Gray concurred, stating that one hour of sitting was Basulto's maximum. Both doctors agreed that Basulto should not stand for more than an hour at a time. Dr. Gray added that sitting and standing combined should not total more than three hours per day, and walking should be limited to two hours.
 
 
 5
 The ALJ found that Basulto maintained a residual functional capacity ("RFC") for a limited range of light work activity, and that Basulto was not disabled because she could perform the jobs identified by the vocational expert who testified at Basulto's disability hearing.
 
 
 6
 On appeal, we must determine whether the ALJ's denial of benefits is supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 (9th Cir.1996).
 
 
 7
 Basulto contends that the ALJ inaccurately assessed her RFC when he found that she was able to perform a limited range of light work activity. Light work requires lifting up to 20 pounds and frequent lifting of objects weighing up to ten pounds. 20 C.F.R. § 416.967(b). Further, "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10 at * 5; accord Gallant v. Heckler, 753 F.2d 1450, 1454 n. 1 (9th Cir.1984).
 
 
 8
 Given the exertional limitations identified by Drs. Gray and Hills, which were adopted by the ALJ, Basulto could not perform substantially all of the primary strength activities of light work. See 20 C.F.R. § 416.967(b). Instead, substantial evidence in the record supports a finding that Basulto had an RFC to perform a limited range of sedentary work activity. Work is classified in the sedentary category when it:
 
 
 9
 involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
 
 
 10
 20 C.F.R. § 416.967(a). Accordingly, the ALJ's assessment of Basulto's RFC is not supported by substantial evidence. See Smolen, 80 F.3d at 1291 (ALJ's finding that claimant could perform sedentary work not supported by substantial evidence where contradicted by, inter alia, claimant, claimant's family and claimant's doctors).
 
 
 11
 Basulto further contends that because she had an RFC for a limited range of sedentary work, the medical-vocational guidelines ("the grids") direct a finding that she was disabled. We agree.
 
 
 12
 Grid rule 201.17 provides that an individual between the ages of 45 and 49, who is unable to communicate in English, and who has an unskilled work history, is disabled if she is limited to sedentary work. 20 C.F.R. Part 404, Subpart P, App. 2, rule 201.17. Because Basulto fits within criteria of rule 201.17, the grids direct a finding that she was disabled. See Cooper v. Sullivan, 880 F.2d 1152, 1157 (9th Cir.1989).
 
 
 13
 REVERSED and REMANDED for payment of benefits.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3